[Doc. No.18]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DAVID BELL, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 08-01629 (JEI) |
| | : |
| GUARDIAN LIFE INSURANCE | : |
| COMPANY , et al., | : |
| | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the Court on the Motion for Leave to File an Amended Complaint [Doc. No. 18] filed by Thomas J. Hagner, Esquire on behalf of Plaintiff, David Bell. Plaintiff filed his motion in response to Defendant Greyhawk North America, LLC's ("Greyhawk") Motion to Dismiss [Doc. No. 15]. Plaintiff, a former Greyhawk employee, asserts that Defendant, as administrator of Greyhawk's Long-Term Disability Benefits Plan, engaged in activities which resulted in the wrongful denial of his disability benefits in violation of the Employee Retirement Income Security Act ("ERISA"). (Pl. Br. 2-4). In his proposed amended complaint, Plaintiff seeks relief under three statutory sections, (1) recovery of benefits pursuant to ERISA §502(a)(1)(B), (2) equitable relief pursuant to §502(a)(3), and (3) statutory penalties pursuant to §502(c). Defendant opposes Plaintiff's Motion to Amend as futile. [Doc. No. 20]. For the following reasons, Plaintiff's Motion to Amend is GRANTED in part and DENIED in part without prejudice.

**Background**

Plaintiff filed this action against his former employer, Greyhawk, and the insurer of its employee benefits plan, Guardian Life Insurance Company ("Gaurdian"), seeking to recover long term disability benefits, attorneys' fees and interest. [Doc. No. 1]. Plaintiff alleges he was employed by Greyhawk until January 2005, when he could no longer continue to work due to a back problem. (Original Complaint ¶43.) At that time, Plaintiff notified Greyhawk that he wished to file a claim for long-term disability benefits and sought information regarding those benefits. (Id.) Plaintiff contends that Greyhawk erroneously informed him that Standard Security Life Insurance Company provided the benefits when, in fact, Gaurdian was the actual provider. (Id. at ¶44.) For more than a year, Plaintiff unsuccessfully sought benefits from Standard Security, until April 2006 when Plaintiff learned that Guardian was the correct provider. (Id. at ¶¶45-46.) Greyhawk then erroneously informed Guardian that Plaintiff last worked in January 2004, instead of January 2005. (Id. at ¶¶52-53.) In October 2006, Guardian denied Plaintiff's claim, finding that Plaintiff was not covered when his disability began. (Id. at ¶52.) Plaintiff appealed the denial clarifying his last day of work. (Id. at ¶54.) In April 2006, Guardian again denied Plaintiff's claim for benefits based upon lack of medical information and because Plaintiff was laid off. (Id. at ¶75.) Plaintiff contends that Greyhawk caused this denial alleging that Greyhawk sent a letter to Guardian indicating that he had been fired even though Greyhawk had previously told Standard Security Life that Plaintiff had not been fired. (Pl. Br. at 3.)

In his original complaint, Plaintiff alleged (1) that Guardian wrongfully denied him employment benefits, in violation of ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) (2006); (2)

that Greyhawk breached its fiduciary duty to Plaintiff and sought recovery under ERISA §502 (a)(3), 29 U.S.C. §1132(a)(3) (2006); and that (3) Greyhawk engaged tortious interference and made material misrepresentations to Guardian regarding Plaintiff's eligibility for disability benefits.

Soon after Plaintiff filed his original complaint, Guardian entered into a confidential settlement with Plaintiff. (Pl. Br. at 3.) Guardian was subsequently dismissed as a defendant. [Doc. No. 16]. According to Plaintiff, Guardian refused to pay interest or attorneys' fees as part of the settlement because (1) Guardian had relied on the erroneous information provided by Greyhawk when it denied Plaintiff benefits and (2) Guardian did not cause Plaintiff's initial 18 month delay in receiving benefits, resulting from Greyhawk's mis-identification of the correct insurance company. (Pl. Br. at 3-4.)

Greyhawk, the only remaining defendant, subsequently filed a Motion to Dismiss Plaintiff's Complaint. [Doc. No. 15]. In its motion Defendant argues (1) that Plaintiff failed to state a claim against Greyhawk under §502(a)(1)(B) because Plaintiff alleged that Guardian, not Greyhawk, wrongfully denied him benefits; (2) that Plaintiff's fiduciary duty claim under §502(a)(3) is precluded because the relief sought is duplicative of that available under §502(a)(1)(B); and (3) that Plaintiff's state law claims are preempted by ERISA. (See Def. Motion to Dismiss [Doc. No. 15] at 1-3.)

In response to Defendant's motion, Plaintiff seeks leave to amend his complaint. In his proposed amended complaint Plaintiff makes two material changes to his original complaint. In the first count of his proposed amended complaint Plaintiff re-alleges the claim for recovery of benefits under ERISA §502(a)(1)(B) and adds language asserting that Greyhawk, as an

3

administrator of the benefits plan, delayed the processing of Plaintiff's claim, made material misrepresentations to Guardian, and breached its fiduciary duty to Plaintiff. In his second count Plaintiff re-alleges the claim from his original complaint seeking recovery for breach of fiduciary duty under §502(a)(3) against Greyhawk. In his third count, Plaintiff adds a claim seeking statutory penalties under §502(c), and drops his misrepresentation and tortious interference claims.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." Leave shall be freely given in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies in previous amendments, undue prejudice or futility of the amendment. Foman v. Davis, 372 U.S. 178, 182 (1962); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "[A]bsent substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1196 (3d Cir. 1994)). An amendment sought pursuant to Rule 15(a) shall be permitted unless it would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc., 380 F.Supp.2d 457, 462 (D.N.J. 2005) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000).

The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)); Brown v. Phillip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).  A motion to dismiss may be granted, or in this case a proposed amendment deemed futile, only if it is clear that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would entitle them to . . . relief." Phillips, 515 F.3d at 233 (quoting Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1969 n. 8 (2007)).

**Discussion**

**I. Recovery of Benefits Pursuant to ERISA §502(a)(1)(B)**

In the first claim of his proposed amended complaint, Plaintiff seeks to recover damages, attorneys' fees, interest and benefits pursuant to ERISA §502(a)(1)(B) from Defendant as administrator and fiduciary of the benefits plan.  Defendant argues that Plaintiff's proposed amended claim is futile because Plaintiff has already received all of his disability benefits as a result of his settlement with Guardian. (Def. Opp. Br. 4-5).  Subsection 502(a)(1)(B) authorizes that "[a] civil action may be brought (i) by a participant or beneficiary . . . (B) to recover benefits due him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA §502(a)(1)(B).  This section provides a cause of action where a plaintiff alleges a violation of the terms of a benefits plan or an ambiguity in the plan requiring judicial interpretation.  Eichorn v. AT&T Corp.,  484 F.3d 644, 652 (3d Cir. 2007).  While not deciding the issue, this Circuit noted that ERISA

§502(a)(1)(B) may provide a cause of action for interest on delayed benefit payments, irrespective of whether the beneficiary seeks to recover the underlying benefits.  See Fotta v. Trs. of the United Mine Workers of America, 165 F.3d 209, 213 (3d Cir. 1998) (finding that plaintiff could seek interest on delayed payments even where benefits had already been paid).  In Fotta, an ERISA plan beneficiary sued to recover interest on delayed benefits under both ERISA §502(a)(1)(B) and §502(a)(3).  There, the court held that the ERISA beneficiary could bring an action for interest on delayed benefits payments under §502(a)(3).  In addition, the Fotta court noted, but did not decide, that §502(a)(1)(B) could also provide a possible statutory basis for such a claim.  Id. at n. 1 ("Although we do not reject section 502(a)(1)(B) as providing a possible statutory basis for such a claim, we need not reach the issue in light of our decision").

Like the plaintiff in Fotta, Plaintiff asserts that Defendant delayed his payment of benefits and should therefore be liable for the interest on the late payments, as well as attorneys' fees.  Plaintiff alleges that Greyhawk materially delayed the processing of his long-term disability claim by (1) misinforming him that the insurance plan was underwritten by Standard Life Insurance as opposed to Guardian and (2) making material misrepresentations to Guardian regarding Plaintiff's termination.  (Amended Complaint at ¶¶ 96-97).  Based on the foregoing authority, the Court is not prepared to rule at this time that Plaintiff's amended claim under §502(a)(1)(B) is futile.  Plaintiff, through discovery, should have the opportunity to explore the claim further.

## II. Equitable Relief Pursuant to §502(a)(3)

At this early stage in the litigation, Plaintiff is permitted to plead alternative causes of action under §502(a)(1)(B) and §502(a)(3).  Defendants argue that the Supreme Court's decision

in <u>Varity Corp. v. Howe</u>, 516 U.S. 489 (1996), precludes a party who has an adequate remedy available under §502(a)(1)(B) from also seeking a remedy under §502(a)(3). (Def. Opp. Br. at 5). In <u>Varity</u>, the Supreme Court stated that when fashioning "appropriate equitable relief" under §502(a)(3) "courts . . . will keep in mind the special nature and purpose of employee benefit plans, and . . .where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief." 516 U.S. at 515 (internal quotations omitted). However, there is much division among the Circuits, as well as in this District, as to the effect of the <u>Varity</u> decision. <u>DeVito v. Aetna</u>, 536 F. Supp. 2d 523, 533 (D.N.J. 2008). Neither the Supreme Court nor the Third Circuit has held that the decision in <u>Varity</u> requires that a plaintiff's claim under §502(a)(3) be dismissed whenever a plaintiff also asserts a claim for relief under §502(a)(1)(B).[1] See <u>Parente v. Bell Atlantic-Pennsylvania and Aetna U.S. Healthcare, Inc.</u>, No. 99-5478, 2000 WL 419981, at *2 (E.D. Pa April 18, 2000).

In <u>Parente</u>, the court engaged in a thorough and well reasoned analysis of the issue before this Court. Frances Parente applied for long-term disability benefits through her employer and her request was rejected. Parente then sued her employer, and the administrator of its benefit plan, Aetna. The court determined that Parente sought recovery of benefits under §502(a)(1)(B) and equitable relief under §502(a)(3). <u>Id.</u> at *1. Citing <u>Varity</u>, Aetna moved to dismiss Parente's complaint, arguing that she could not seek equitable relief under §502(a)(3) because she had an adequate remedy under §502(a)(1)(B). <u>Id.</u> at *2. The <u>Parente</u> court denied defendant's motion to dismiss holding that under <u>Varity</u>, "a plaintiff is only precluded from seeking equitable relief

---

[1] Defendant cites <u>Ream v. Frey</u>, 107 F.3d 147, 152 (3d Cir. 1997). However, in <u>Ream</u>, the court did not address the precise issue raised here. In <u>Ream</u> plaintiff only asserted a breach of fiduciary duty claim under §502(a)(3). See <u>Parente</u>, 2000 WL 419981, at *3 n.12.

7

under §502(a)(3) when a court determines that plaintiff *will certainly receive or actually receive adequate relief for her injuries under §502(a)(1)(B).*" Id. at *3 (emphasis in original).  The court found that such a determination could not be made at the motion to dismiss stage. Id.; see also DeVito, 536 F. Supp. at 534 ("several cases in this circuit have concluded that claims under [§502(a)(3)] are not properly dismissed at the motion to dismiss stage merely because the plaintiff has also brought a claim under [§502(a)(1)(B)]"); Moore v. First Union Corp, 2000 WL 1052140, *1 (E.D. Pa. July 24, 2000) (denying defendant's motion to dismiss finding that the language in Varity is not totally preclusive of simultaneous claims under §502(a)(1)(B) and §502(a)(3)).

Plaintiff should be able to assert §502(a)(1)(B) and §502(a)(3) claims at this stage of the litigation because parties are permitted to plead in the alternative. See Parente, 2000 WL 419981, at *3 (finding that "[p]lacing plaintiffs in the predicament of choosing between two valid ERISA claims before they have had the benefit of discovery . . . is patently unjust").  See also Fed. R. Civ. P. 8(e)(2) ("a party may set forth two or more statements of a claim or defense alternately or hypothetically . . ."). The Court rejects Defendant's argument that Plaintiff's proposed amended claim under §502(a)(3) is futile because Plaintiff is also pursuing a claim under §502(a)(1)(B). The Court agrees with the foregoing cited authority that permits a plaintiff to pursue both claims until such time as it can be determined that the plaintiff will certainly receive or actually receive adequate relief for his injuries under §502(a)(1)(B).  Plaintiff cannot make this determination until it has the opportunity to conduct discovery.  Accordingly, Defendant's futility argument is rejected.

Defendant also argues that Plaintiff has already received the disability benefits he seeks,

pursuant to his settlement with Guardian, and he therefore has no remedy under 502(a)(3)(B). (Def. Opp. Br. at 6). Subsection 502(a)(3)(B) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate equitable relief . . ." In Fotta, supra, the court held that a beneficiary of an ERISA plan may bring an action for interest on delayed benefits payments under Section 502(a)(3)(B) as "appropriate equitable relief" even when the beneficiary has already recovered the underlying benefits. 165 F.3d at 213. Therefore, even assuming that Plaintiff has already recovered all of his underlying benefits, Plaintiff's proposed amended claim under Section 502(a)(3)(B) cannot be dismissed as futile.

**III.  Statutory Relief Pursuant to §502(c)**

Plaintiff proposes to add a claim for statutory penalties under ERISA §502(c) in his amended complaint. However, absent an allegation that Plaintiff submitted a written request to Greyhawk seeking specific information about the benefit plan, such a claim is futile and the amendment must be denied. ERISA §502(c) imposes statutory penalties upon a plan administrator who "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary. . . within 30 days after such request." §502(c)(1). The relevant subchapter requires that "[t]he administrator shall, upon *written request* of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." ERISA § 104(b)(4) (emphasis added). This Circuit has held that statutory penalty provisions, including those in ERISA, are strictly construed. Haberern v. Kaupp Vascular

Surgeons Ltd. Defined Ben. Pension Plan, 24 F.3d 1491, 1505 (3d Cir. 1994) (citing (Tracey v. Heublein, Inc., 772 F. Supp. 726 (D. Conn.1991) (granting motion to dismiss where request for information was not in writing)).  Plaintiff's complaint does not contain an allegation that he submitted a written request for information to Greyhawk, rather it only states that he "advised Greyhawk that he wished to file a claim for long-term disability benefits." (Amended Complaint ¶ 44).  Therefore, Plaintiff's third claim in his proposed amended complaint is denied without prejudice. See Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008) (before a complaint can be dismissed the plaintiff must have an opportunity to amend his proposed pleading).

Accordingly, for the foregoing reasons,

IT IS on this 6th day of November 2008 hereby

ORDERED that Plaintiff's request for leave to amend his complaint to seek recovery under ERISA Section 502(a)(1)(B) against Greyhawk is GRANTED;  and it is further

ORDERED that Plaintiffs request for leave to amend his complaint to seek equitable relief  under ERISA Section 502(a)(3) is GRANTED; and it is further

ORDERED that Plaintiff's request for leave to amend his complaint to seek statutory remedies under ERISA Section 502(c) is DENIED without prejudice; and it is further

ORDERED that Plaintiff shall file and serve his amended complaint in accordance with the terms of this Order, by November 26, 2008

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge